## UNITED STATES v. NOZAKI BROS. 1277).[1]

CHARGES AND ENTERED VALUE.

There was nothing before the appraiser at the time of appraisement nor was there anything before the collector at the time of liquidation indicating the character of these items that were allowed as nondutiable. There was no manifest clerical error for correction.—Thomsen v. United States (5 Ct. Cust. Appls., —; T. D. 34100).

United States Court of Customs Appeals, May 18, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33927 (T. D. 33816) [Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.
*Stanley Jackson* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal brings up for review a decision of the Board of General Appraisers sustaining a protest alleging clerical error. While the protest does not allege "manifest" clerical error, which is the only clerical error for which relief can be granted under the statute, we assume for the purposes of the consideration of the case the sufficiency of the protest.

The importation was of basket materials of willow imported from Kobe, Japan, and invoiced and destined to St. Louis, Mo. It appears that the several items of the invoice are clearly and correctly set forth. There appears thereupon an item for freight, ocean and inland domestic, which was on entry deducted from the entered value.

---

[1] Reported in T. D. 34471 (26 Treas. Dec., 850).

Further items upon the invoice are as follows: "Comm. 3% 37.90" yen; "Shipping 46.30" yen; "Insurance 9.44" yen. These items were not deducted upon entry.

The case is submitted upon the papers and the report of the appraiser made in answer to the protest, which states that—

The question is as to relief from certain charges claimed to be nondutiable and included in the entered value of the merchandise. The items claimed are nondutiable and had they been deducted upon entry would not have been added back upon appraisement.

There was, however, nothing before the appraiser at the time of appraisement nor was there anything before the collector at the time of liquidation indicating the character of these items. The character of the items themselves is in no instance noted conclusive of their dutiable or nondutiable character. A commission may or may not be dutiable. The books are replete with cases wherein commissions have been held dutiable or nondutiable according to the character of the service rendered. So shipping charges may or may not be dutiable items. While the word itself is not precisely definitive of the character of the employment, if it occurred in shipping the goods to the principal market place of the country it would be a dutiable item; if afterwards, it would be a nondutiable item. This record does not disclose which of the two is this shipping charge. The bill of lading which was before the collector did disclose that ocean and inland freight in this country were deducted. The inference would be, therefore, that this item was neither such. The same considerations pertain to the item of insurance, which may have been either for the goods while in the warehouse before shipment or during shipment, the former of which would constitute a dutiable and the latter a nondutiable item. It is not possible, therefore, without the aid of extraneous testimony, for the collector or appraiser to say that these items or any of them upon this invoice were or were not dutiable.

Unless the character of the item or the surrounding evidence necessarily before the collector at the time of liquidation disclosed that the item was nondutiable, it would not be a *manifest* clerical error. Nor are we prepared to say that in every case, though its dutiable character was manifest, that the failure to deduct upon entry constituted a *clerical* error. It more likely would be an error of judgment or an error of law upon the part of the entrant. The decisions of this court upon this subject have been so numerous that we deem quotation of them unnecessary. Suffice it to state that in a late decision of the court these were reviewed in the following language:

This court in United States *v.* Swedish Produce Co. (4 Ct. Cust. Appls., 223; T. D. 33437); in United States *v.* Wyman & Co. (4 Ct. Cust. Appls., 264; T. D. 33485); in United States *v.* Proctor Co., and Hampton, jr., & Co. *v.* United States, decisions of even date with this, has adhered to the language of Congress in declaring that relief in such cases could only be granted where the error was *both clerical and manifest upon the record before the collector at the time of liquidation.*

In United States *v.* Swedish Produce Co., *supra*, we said:

If relief under said subsection 7 is confined to those cases where the error must appear upon the face of the papers to be sent to and which are before the appraiser and the collector at the time of the appraisement and decision thereupon, respectively, it negatives any fraud upon part of the importer. Second, it gives relief in those cases only which call the attention of the appraising officers to the correct valuation of the merchandise, thereby affording them opportunity at the time of the appraisement and decision thereupon to affix the correct market value of the merchandise. Third, any rule which permits this provision of the statute to be extended to those cases not obviously made apparent by the papers to the eye of the appraiser and collector, and resting the case upon the possibility of proof dehors said record, must put a premium upon fraud or attempted frauds upon the revenues. It is contrary to our understanding of the word "manifest," as used in the common parlance, which requires something obvious or exposed to view.

And in United States *v.* Wyman & Co., *supra*, we further said:

This statement of the importers' claim clearly shows that the disputed item, even if nondutiable in character, did not result from a manifest clerical error. The item in question was entered in the invoice in the words and figures intended by the writer; they were interpreted by the collector with the meaning and effect which were intended by the writer at the making of the invoice. This statement negatives the occurrence of a merely clerical error. The clerk who prepared the entry may have misunderstood the law relating to such items, he may have misunderstood the facts, or he may have entered the item inadvertently. Nevertheless, clerically the item was not incorrect, for it stood in the invoice in form and substance as the clerk intended to enter it, and the entry correctly carried the intended signification to the mind of the collector. In such case it can not be said that the item was a clerical error, much less can it be said that it was a manifest clerical error. For whatever inaccuracy existed in the entry was the result of inaccurate intention on the accountant's part and not of the clerical execution of that intention.

It would seem, therefore, that the doctrine of manifest clerical error has become *stare decisis.* Thomsen & Co. *v.* United States (5 Ct. Cust. Appls., 69; T. D. 34100).

*Reversed.*