## UNITED STATES v. RICE (No. 1278).[1]

MANIFEST CLERICAL ERROR—WHAT IS NOT.

There was nothing before the collector at the time of liquidation which would enable him to determine whether or not the item in question should or should not be included within the dutiable value of the merchandise, and in dealing with it there might be an error in judgment committed, but there could be no manifest clerical error.—United States v. Nozaki Bros. (5 Ct. Cust. Appls., 286; T. D. 34471).

United States Court of Customs Appeals, May 18, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33927 (T. D. 33816). [Reversed.]

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.

Submitted on record by appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal involves a question of claimed manifest clerical error. The goods were manufactured at Darvel, Scotland, and exported from Glasgow, Scotland, to Boston, Mass.

Upon the invoice is an item entitled "carriage to port paid by shipper amounting to 6s. 8d., and is included in the price of the

---

[1] Reported in T. D. 34472 (26 Treas. Dec., 852).

goods. These goods were manufactured by us at Darvel." On entry this item was not deducted. The goods were appraised as entered. If this item of carriage is included within the dutiable value of the goods entered and appraised at $3\frac{1}{2}$ pence per yard, these goods are properly dutiable at $2\frac{1}{2}$ cents and 2 cents per square yard. If this charge for carriage to port had been deductible and deducted upon entry this class of goods contained upon the invoice would be properly dutiable at $1\frac{3}{4}$ cents and 1 cent per square yard. Having been included by entry they were held dutiable at the former figure and liquidated accordingly. Subsequently, upon the filing of the protest, the appraiser reported that this was a nondutiable item and that had the same been deducted upon entry the goods would have been appraised at the lower figure. This report, however, was not a part of the record before the collector at the time of liquidation.

The board held this was a manifest clerical error. We are unable to agree that such transactions constitute a manifest clerical error. This court, in an opinion filed herewith, United States *v.* Nozaki Bros. (5 Ct. Cust. Appls., 286; T. D. 34471), and in numerous other decisions of the court recently rendered has clearly defined what constitutes manifest clerical error. In the opinion of the court, such errors as these are errors of judgment in the entrant clerk and not clerical. Moreover, there was nothing before the collector at the time of liquidation which would enable him to determine whether or not the item in question should or should not be included within the dutiable value of the merchandise. If the principal market of the country of exportation for such goods was Glasgow, from which the goods were exported, the item is a dutiable item. If the principal market of the country from which the goods were exported was Darvel the item was a nondutiable item. Stairs *v.* Peaslee (59 U. S., 18 How., 521); Robertson *v.* Bradbury (132 U. S., 491). The proof of this point lies in extraneous evidence. The only evidence before the collector at the time of liquidation was the entry and appraiser's appraisement. The entry was made upon the legal basis and assumption that Glasgow was the principal market of the country of exportation, and the appraisement was made upon that theory. This is a matter exclusively within the jurisdiction of the appraiser to determine and, having so determined, his finding, at least in the absence of an appeal to reappraisement, was final and conclusive upon both the importer and the Government. (Stairs *v.* Peaslee, *supra.*) So far, therefore, as the collector was advised by the legal record before him *at the time of liquidation* the item of carriage to port was a dutiable item whether as a part of the actual market value of the goods or as dutiable costs and charges is here unimportant. In either view the error was neither clerical nor manifestly clerical.

*Reversed.*