De Liagre & Co. *v.* United States (No. 1577).[1]

CLERICAL ERROR, WHAT NOT MANIFEST.

Where the consular invoice for cloth showed the number of units of length, the price per unit, and the value as the product of the two, without stating whether the unit was yards or meters or the price for a yard or a meter, and the importers, having declared accordingly, claim afterwards that the consular invoice stated the measurement in yards and the price for a meter, if there was error, it was not manifest clerical error.

United States Court of Customs Appeals, December 6, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37796.

[Affirmed.]

*Brooks & Brooks* (*Frederick W. Brooks, jr.*, of counsel) for appellants.

*Bert Hanson*, Assistant Attorney General (*John J. Mulvaney*, special attorney, of counsel), for the United States.

[1] Reported in T. D. 35989 (29 Treas. Dec., 754).

Before Montgomery, Smith, Barber, De Vries, and Martin, Judges.

Martin, Judge, delivered the opinion of the court:

It is conceded in the present case that the merchandise was correctly classified by the collector, and was assessed with appropriate ad valorem duty under the tariff act of 1913. It is also conceded that the value upon which the ad valorem rate of duty was assessed was the dutiable valuation of the merchandise as declared by the importers in their entry. Nevertheless, the importers claim relief against the assessment upon the ground that the valuation in question was excessive, and that this fact or condition arose from a manifest clerical error which appeared in the consular invoice upon which the entry in question was predicated.

This claim of the importers was duly submitted to the Secretary of the Treasury and was overruled. Thereupon the importers filed their protest with the collector to the same effect. The protest was duly submitted to the Board of General Appraisers and was likewise overruled, from which decision the importers now appeal.

The merchandise consisted of piece goods imported from Germany. In each instance the consular invoice contained a series of numbers which plainly were designed to express the measurements of the pieces, but the invoice failed to state the unit of measurement—that is to say, whether the given measurements were in meters, yards, or other linear units. The invoice further stated the price of the goods to be 84 pfennigs, but here again there was no mention of the unit of measurement to which this rate was intended to apply. The price, however, was set over against the aggregate measurement of the goods above described, and a total of 33,394.70 marks was obtained by the multiplication of the two. This amount therefore appeared in the invoice as the total value of the merchandise.

When the importers came to enter the merchandise they adopted the foregoing computation as correct, and declared the foregoing amount, less certain nondutiable items, to be the net dutiable valuation thereof.

The appraiser through his examiner passed the entry as correct, and liquidation was had upon the entered value. No appeal to reappraisement was had. The examiner to whom was assigned the inspection of the merchandise, however, found that the measurements which were set out in the invoice without designation were in fact yards. At the same time he concluded, probably from his knowledge of such goods and the usual prices of the same in the foreign markets, that the price of 84 pfennigs stated in the invoice was intended to apply not to yards but to meters. The examiner thereupon undertook to extend the invoice by writing the word "yards" after the measurements thereon, and the words "per meter"

after the price. According to these notations the actual value of the merchandise would be about one-twelfth less than the entered value, and the importers claim that the assessment should be correspondingly reduced.

The collector, nevertheless, under instructions from the Secretary of the Treasury, refused to reliquidate the entry in accordance with the claim of the importers, and adhered to the assessment upon the entered valuation of the merchandise. This was done by authority of the provision of the customs administrative act that "duty shall not, however, be assessed, in any case, upon an amount less than the invoice or entered value." (Par. I, sec. 3, tariff act of 1913.)

As stated above, the importers claim that the foregoing facts show that the entered valuation of the merchandise was excessive, and that they are entitled to relief upon the ground that this arose from a manifest clerical error in the invoice and entry.

Assuming for the purposes of the case that the stated issue is reviewable before the board and the court, it is nevertheless apparent that the alleged error was not manifest upon the invoice or the entry, for it was not ascertainable from an inspection of either of the papers themselves. The examiner from his expert knowledge of such goods and their prices in the foreign markets or from other sources of information, concluded, as a matter of fact that the price applied in the invoice to the measurements therein stated should not have been so applied. The examiner may have been right in this conclusion, but certainly nothing can be found in the invoice or entry to sustain the same. It can not be said, therefore, that the error, if one exists, is a manifest clerical error, since, if found at all, it must be found from facts entirely outside of the papers which were before the collector at the time of the assessment. See United States v. Nozaki Bros. (5 Ct. Cust. Appls., 286; T. D. 34471), United States v. Rice (5 Ct. Cust. Appls., 288; T. D. 34472).

The decision of the board is therefore *affirmed*.