OBERLE & HENRY v. UNITED STATES (No. 1753).[1]

CLERICAL ERROR—INTERLINED INVOICE.

The total of the itemized invoice showed a lower value and an interlineation in the invoice showed a higher one. Importers entered the merchandise at the lower figure. There is nothing in this to justify a presumption that importers did not enter the goods as they intended. "Manifest clerical error" under paragraph I of section 3, tariff act of 1913, does not appear, and the additional duty provided for by the paragraph was justly imposed.

United States Court of Customs Appeals, January 22, 1917.

APPEAL from Board of United States General Appraisers, Abstract 39862.
[Affirmed.]

*Oberle & Henry* for appellants.
*Bert Hanson,* Assistant Attorney General, for the United States.
[Oral argument December 17, 1916, by Mr. Hanson.]
Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court: The merchandise in this case was imported at the port of New Orleans for warehousing on May 5, 1914. Upon entering the mer-

chandise the importers deducted from the invoice value certain non-dutiable items and added to that result $791.25 to make market value. In appraising the merchandise the appraiser added to the value found by the importers upon entry, which was $2,784.94, the amount of $1,430.11, making the appraised value $4,215.05. Upon this value the collector assessed the regular duty, and in addition thereto the duty provided for in paragraph I of section 3 of the tariff act of 1913.

Against this assessment of additional duty the protest was filed, the protestants claiming that through clerical error in making the entry an entry which was interlined upon the invoice was over-looked and as a result the merchandise was entered upon a lower value than that shown upon the invoice.

The invoice gave a description of the merchandise in cases with an itemized price for each case, and showing a total of 12,128.55 marks. In another part of the invoice appeared certain items which were claimed to be nondutiable, and among others the item "duty of 15
$$\frac{\text{Mks. 17,732.50}}{}$$
per cent of value in Germany, 2,659.88," which would tend to show that the value in Germany was 17,732.50 marks, whereas the total of the items invoiced, according to the figures given in the entry, was 12,128.55 marks.

The question presented is whether this constituted a showing of a manifest clerical error.

The Board of General Appraisers, relying upon the case of United States *v.* Wyman & Co. (4 Ct. Cust. Appls., 264; T. D. 33485), held that it did not. It was said by the board in substance that if it be assumed that the interlineation claimed was perfectly manifest upon the invoice, and the collector could see that the importers had not entered the merchandise as it was invoiced, it does not follow as a judicial conclusion that he would know that the omission was made through clerical error. He would have the right to assume that the merchandise was entered as the importers intended to enter it. An application was made by the importers to the Treasury Department for relief, and this same view was expressed by the Assistant Secretary. It was said that "while there was a notation on the invoice of the foreign market value, the importers were not bound by this notation. Under paragraph I of section 3 of the tariff act importers had the right to add to or deduct from the invoice value such an amount as, in their opinion, would raise or lower the same to the correct foreign market value."

We think this holding of the board was in line with the decision of this court in United States *v.* Wyman, *supra*, and the decision will be *affirmed*.