KRIDEL, SONS & CO. *v.* UNITED STATES (No. 1858).[1]

ADDITIONAL DUTY—CLERICAL ERROR—DURESS—COSTS, CHARGES, AND EXPENSES.

Goods were entered upon an invoice which stated a "gross sum" and separate items of inland freight, various items of packing charges, and certain items of insurance charges, war risk, and consular fees. Entrants declared the market value as the "gross sum" less the inland freight, which was correct, the statement "gross sum" in the invoice being correct as to this item and incorrect as to the insurance charges, war risk, and consular fees. The entry was returned by the customs officers to the importers indorsed "account for all charges on entry," whereupon the importers altered the entry so as to deduct also the insurance charges, war risk, and consular fees. Subsequently the importers made similarly incorrect entries of similar merchandise upon similarly incorrect invoices. The action of the customs officers in returning the entry indorsed "account for all charges on entry" was only the allowance by them to the importers of an opportunity to correct what seemed to them to be an error, and did not constitute "duress" or estoppel as to any of these entries. The error of the importers was neither "clerical" nor "manifest." The action of the appraiser in disallowing these erroneous deductions was only an appraisal by him of the real market value, and not an appraisal of "costs, charges, and expenses." Additional duty was justly imposed under Paragraph I of section 3, tariff act of 1913.

---

[1] T. D. 37522 (34 Treas. Dec., 116).

## United States Court of Customs Appeals, January 29, 1918.

APPEAL from Board of United States General Appraisers, G. A. 8066 (T. D. 37209).

[Affirmed.]

*John Giblon Duffy* for appellants.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney of counsel), for the United States.

[Oral argument Dec. 5, 1917, by Mr. Duffy and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, AND MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the Court:

The protest in this case relates to six several entries of velvet ribbons which were imported in November and December, 1915. The numbers and dates of the entries in their order are as follows: 70732, November 15; 75312, November 24; 82648/1, December 4; 85623, December 9; 91596, December 21; 96770, December 30.

In each instance the merchandise was assessed with appropriate ad valorem duty and also with so-called "additional duty" under paragraph 1 of section 3, tariff act of 1913, upon the alleged ground that the appraised value of the several importations exceeded the entered value thereof.

The protestants conceded the correctness of the regular duty which was assessed upon the merchandise, but challenged the imposition of the additional duty thereon.

The protest was submitted to the Board of General Appraisers and was sustained as to the first of the six entries in question, but was overruled as to the other five entries. No appeal was taken from the decision upon the first entry, but the importers appeal from the decision upon the remaining five entries. The present issue therefore calls into question the so-called "additional duty" which was levied upon the five entries now upon appeal.

The following is a copy of the provision in paragraph 1 of section 3, tariff act of 1913, under which the additional duty in question was assessed:

1. * * * And if the appraised value of any article of imported merchandise subject to an ad valorem duty or to a duty based upon or regulated in any manner by the value thereof shall exceed the value declared in the entry, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total appraised value thereof for each 1 per centum that such appraised value exceeds the value declared in the entry * * *.

The following is a copy of the protest:

Protest is hereby made against your decision as to the rate and amount of duties, charges, and exactions on the entries stated below. The reasons for objections are that, under the tariff act of 1913, the merchandise is dutiable at the rate assessed by you, but that you have erred in charging us with additional duties for undervaluation because we deducted on our entry certain items of insurance and war risk which the appraiser found to be not included in the per se value of the goods and therefore char-

acterizes the same as dutiable. We claim that in such characterization he was not exercising the proper legal functions as appraising officer; that whether or not these charges were dutiable was a matter for your determination and not for that of the appraiser; that as to the initial entry No. 70732, you accepted our certified check of November 15, 1915, for the amount of $1,919, and then voluntarily notified us through our brokers that we should deduct the items in question and that you thereafter accepted the entry so amended according to the suggestion of your office. We claim that if these items be not properly deducted that their deduction has nevertheless no relation to market value which is clearly shown by our invoices and that they were deducted at your own suggestion and requirement due to clerical error in your office, which is manifest upon the whole case as before you, and that therefore no additional duties for undervaluation should be assessed by you.

The amount in excess is paid under duress, solely to obtain and retain possession of the merchandise, and you and the Government are held liable therefor.

It appears from the record that the entered value of the first importation, that is, entry 70732, was first affirmed by the appraiser, but afterwards upon his own initiative was advanced by him in a specific sum in order to equal the actual market value of the merchandise. The board held in respect to this entry that the appraiser's second appraisement was without lawful authority, and sustained the protest to that extent. As has already been stated no appeal was taken from this part of the board's decision.

It also appears from the record that the entered values of the other five importations were advanced in due form by the appraiser in specific sums in order to equal the actual market values thereof These advances were severally appealed to reappraisement and were sustained. and the imposition of the so-called "additional duty" followed thereupon. In respect to these assessments the board overruled the protest, as already stated, and the present appeal was taken from that decision.

This statement, if standing alone, would of course justify the imposition of the additional duties in question under the provisions above copied from the act. The protestants, however, undertake to avoid that result upon three several grounds, first, a claim of duress; second, a claim of manifest clerical error; and third, a claim that the advances in value made by the appraiser were based upon items of insurance charges, war risk, and consular fees, which were "costs, charges, and expenses," rather than upon the per se value of the merchandise, and that such charges are within the jurisdiction of the collector rather than the appraiser [United States v. Spingarn Bros. (5 Ct. Cust. Appls., 2; T. D. 34002)], and that. when such charges are added by the appraiser to the entered value in order to make market value the advance thus effected does not afford a basis for the imposition of additional duties under the tariff provisions above copied. United States v. Downing & Co. (7 Ct. Cust. Appls., 479; T. D. 37052). In order to pass upon these claims it is necessary to review the facts and circumstances under which the respective entries in question were actually made.

The first of the six entries was presented together with a consular invoice of the merchandise on November 15, 1915. The invoice sets out in detail the items and unit prices of the goods included therein, and follows this with a recapitulation which closes with the following summary, viz, "gross sum of invoice frs. 19993.60." Immediately under this total appear the following words and figures in compact and continuing form, viz:

| | | | |
|---|---|---|---|
| In the above prices of the goods are included: | | | |
| Freight to seaport Kos. 1780 @ 6 frs | | | 106. 80 |
| As well as all the expenses, viz: | | | |
| Cases and packing | frs | 133. 20 | |
| Boxes and wrappers | " | 333 | |
| Rollers, tickets, papers, &c | " | 599. 40 | |
| Making up | " | 266. 40 | 1332 |
| | | frs | 1438. 80 |
| Insurance frs. 25150 @ 1/5 % | | " | 50. 30 |
| " " 10100 " 1/10 % | | " | 10. 10 |
| War risk " 25150 " 1 1/4 % | | | 314. 35 |
| Consular fee | | | 13. 75 |
| | | frs | 1827. 30 |

It will accordingly be observed that the invoice in question states the gross value of the invoiced goods to be 19,993.60 francs, and at the same time purports to specify three classes of subsidiary items which are included with this total. This specification includes, first, inland freight, 106.80 francs; second, various packing charges, 1,332 francs; and third, certain items of insurance charges, war risk, and consular fees, aggregating 388.50 francs. It will at once be conceded that the first and third of these classes of items are nondutiable in character, and that if these were in fact included within the gross price of the merchandise as stated by the invoice then at entry both should be deducted therefrom in order to ascertain the dutiable market value of the merchandise.

However, when the importers first presented their entry upon this invoice they deducted from the gross price aforesaid only the first of the two nondutiable items just specified, namely, the inland freight, 106.80 francs, without making any reference whatever to the second class, namely, the insurance charges, war risk, and consular fees, notwithstanding the fact that within the recapitulation upon the invoice as above copied it was plainly stated that both classes were included within the aforesaid gross invoice price of the merchandise. Accordingly, in the entry as thus first presented by the importers the market value of the merchandise was declared by the importers to be 19,993.60 francs (the gross price), less 106.80 francs (the inland freight), or, net, 19,886.80 francs.

The entry and invoice thus presented, declaring the market value of the goods to be 19,886.80 francs, were thereupon examined by

the customs officers, and were returned by them to the importers through the "error box," with an indorsement, part of which is now unimportant and part of which reads as follows: "Account for all charges on entry." The obvious signification of this action was that the customs officers had observed the statement of the recapitulation to the effect that the nondutiable insurance charges, war risk, and consular fees were included in the gross price of the goods as stated in the invoice, and consequently that the importers in their own right and interest were entitled to deduct the amount thereof from that price in order to state the actual market value of the goods.

The importers upon the return of their entry as aforesaid altered the same by deducting from the gross price aforesaid the sum of 388.50 francs for insurance charges, war risk, and consular fees, in addition to the deduction for inland freight, 106.80 francs, upon the theory as suggested by the indorsement aforesaid and justified by the language of the invoice, that the gross price of the goods set out in the invoice actually included both of these two classes of nondutiable items.

The entry as thus altered by the importers was accepted by the collector, and its statement of the market value of the merchandise was also at first affirmed by the appraiser. Within the six weeks next ensuing the five other entries now in question were made by the same importers, covering similar merchandise, and dealing with similar invoices and deductions. In these instances, however, the importers at entry made deductions for the insurance charges, war risk, and consular fees, from the gross invoice price· of the merchandise, without waiting for specific suggestions or directions from the customs officers. However, when these five entries and invoices came before the appraiser it was found by that officer that the gross invoice prices of the goods stated in the several invoices had not in fact included the items of insurance charges, war risk, and consular fees, and consequently that those items should not have been deducted therefrom in order to ascertain the actual market value of the merchandise. The appraiser therefore appraised the merchandise covered by the five later entries at the sum of the gross invoice price, less the item of inland freight only, and without deduction for insurance charges, war risk, or consular fees. These appraisements were sustained as above stated upon appeals to reappraisement by the importers, and the "additional duty" now complained of was thereupon imposed by the collector. These are the assessments which the board has affirmed, and which are now upon appeal.

We may say in respect to the facts just recited that they do not in our opinion present a case for relief upon the ground of "manifest clerical error." The accountant who prepared the invoices was no

doubt in error in respect to the insurance charges, war risk, and consular fees, but there is no apparent warrant for holding that his action constituted merely a "clerical" error. United States *v.* Swedish Produce Co. (4 Ct. Cust. Appls., 223; T. D. 33437); United States *v.* Wyman & Co. (Ib., 264; T. D. 33845); United States *v.* Gordon & Ferguson, (6 Ct. Cust. Appls., 410; T. D. 35976). And furthermore it can not be said that the error was a "manifest" one, since it could not be discovered by an examination of the invoice and entry. United States *v.* Nozaki Bros. (5 Ct. Cust. Appls., 286; T. D. 34471); United States *v.* Rice (Ib., 288; T. D. 34472); De Liagre & Co. *v.* United States (6 Ct. Cust. Appls., 470; T. D. 35989). In fact an examination of the several invoices in question plainly leads to the interpretation which the customs officers placed in the first instance upon the entry and invoice first filed with them, namely, that the accountant intended to state that the nondutiable items of insurance, war risk, and consular fees were in fact included within the recapitulated gross invoice price of the merchandise, and therefore that the aggregate sum of these items should be deducted from that price in order to find the dutiable market value of the importations.

Neither do the circumstances above recited sustain the importers' claim of duress. It is doubtful whether appellants can now rely upon this contention in view of a certain concession made by them before the board as set out in the record. And it is strongly insisted by the Government that the language of the protest itself fails to state a claim of duress in respect to the declarations of value contained in the several entries. But disregarding these considerations for the present we do not think that the facts above stated would be sufficient to sustain a claim of duress with respect to any of the entries in question, even assuming that the charge of duress is sufficiently set out in the protest and was not waived at the trial before the board.

It was the lawful duty of the importers at entry to state correctly the market value of the imported merchandise, and this duty they correctly performed when they first filed their first entry. The return of that entry to them by the customs clerks under the circumstances amounted to no more than an opportunity to correct it in their own favor by lowering the entered value, in case the facts upon reexamination justified such action. This action of the customs officers in no wise relieved the importers from the duty of correctly ascertaining and declaring the true market value of their merchandise. It must have been clear to the importers that the customs officers had no intention of compelling them at all events to lower the entered value of their merchandise, but only intended to permit them to correct the entry in case it was found upon investigation that the dutiable value of the merchandise had been overstated therein. The legal duty still rested upon the importers to enter

their merchandise at its actual market value, and this they failed to do when they altered and refiled their entry. We see no reason why the importers could not have made a correct declaration of the market value of the merchandise in their entry when refiled as well as in the entry as first presented by them. It may be assumed that the facts were within their knowledge in both instances alike. In the succeeding five entries they understated the value of the merchandise in each instance in the entries as first filed by them. We think that there was no duress in the first entry, and even more clearly that there was no duress in the five entries now before the court.

Nor can we agree with the contention of the importers that the advances made by the appraiser were in the nature of additions for "costs, charges, and expenses" such as do not constitute a predicate for the imposition of "additional duty" under the statute, under the rule expressed in the case of United States v. Downing & Co., supra. In our opinion the appraiser did not in fact add any "costs, charges, and expenses" to the value of the goods by his appraisement, but instead thereof he appraised the actual market value of the merchandise per se, and found it to be in excess of the entered value thereof. In this respect the case is quite analogous to that of United States v. Philips Co. (7 Ct. Cust. Appls., 497; T. D. 37110).

It may be proper to add that the action of the customs officers in returning the first entry for correction did not have the effect of an estoppel against the further proceedings taken by them, nor do the importers make any claim of such an estoppel.

The decision of the board is *affirmed*.