ALBERT MOTTOLA, AN INDIVIDUAL DOING BUSINESS UNDER THE NAME AND STYLE OF ATLAS SHIPPING CO. v. UNITED STATES (No. 4951) [1]

United States Court of Customs and Patent Appeals, November 5, 1958

*Jordan & Klingaman* (*J. L. Klingaman* of counsel) for appellant.
*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Daniel I. Auster*, trial attorney, of counsel), for the United States.

Before O'CONNELL, Acting Chief Judge, and WORLEY, RICH, and MARTIN Associate Judges

WORLEY, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, A. R. D. 81, on an application for review of

[1] C.A.D. 689.

18

the reappraisement decision of a single judge. The merchandise is badminton equipment manufactured at Tokyo, Japan, and purchased at unit prices f. o. b. Yokohama.

 It is agreed that the proper basis of appraisal is export value. The sole issue is whether the inland freight charges, representing the cost of transporting the merchandise from Tokyo to Yokohama, were properly included in such value. The appraiser included the charges, the single judge held they should not have been included, and the appellate division of the Customs Court overruled the single judge, reinstating the value fixed by the appraiser.

The relevant provisions of the Tariff Act of 1930 read:

Sec. 402. Value

(a) Basis.—For the purposes of this Act the value of imported merchandise shall be—

\* \* \* \* \* \* \*

(d) Export Value.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

Both the single judge and the Customs Court found as facts that Tokyo was the principal, indeed the only, market in Japan where merchandise of the kind before us was freely offered for sale. However, at the time of exportation, the merchandise was offered in that market in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States only at prices which included delivery f. o. b. Yokohama, or c. i. f. American seaport, but *was not* offered for sale for delivery in Tokyo, the principal market. Those findings are clearly supported by the record and are not questioned by appellant. To repeat, the only question is whether the inland freight charges were properly included by the appraiser as part of the appraised value of the merchandise.

Neither tribunal below found any material distinction between the facts of the instant case and those in *United States* v. *Paul A. Straub & Co., Inc.,* 41 CCPA 209, C. A. D. 553, although the single judge did not feel bound to follow that decision. There it was found that the principal market for the merchandise involved was Selb-Stadt, Germany, but that at the time of exportation sales of such and similar merchandise were made *only* on an f. o. b. Bremen basis, and no sales or offers for sale on a factory basis were made.

Appellant urges that the *Straub* case is distinguishable in that the only sales there were made on an f. o. b. Bremen basis, whereas the

record in the instant case shows that, in addition to the f. o. b. Yokohama sales, there appear to have been some sales c. i. f. American seaports. The latter basis would apparently include the cost of shipping from Yokohama to the United States, as well as the inland freight charges in Japan. It does not appear that distinction is significant here since there is no contention that appraisal should be on the basis of c. i. f. value. The significant fact is that neither in the *Straub* case nor here was it possible to purchase the merchandise at a price which did not include the inland freight charges. We accordingly agree with the Customs Court that the material facts here are indistinguishable from those of the *Straub* case.

Our holding in the *Straub* case was that the inland freight cost was properly included in the appraised export value. In arriving at that result, reliance was placed on *United States* v. *Heffernan Paper Co.*, 13 Ct. Cust. Appls. 593, T. D. 41454; *United States* v. *Traders Paper Co.*, 14 Ct. Cust. Appls. 293, T. D. 41909; and *United States* v. *Zellerbach Paper Co.*, 28 CCPA 303, C. A. D. 159. We concluded that, since there was no showing the merchandise could ever be purchased at the invoice price less freight, regardless of where the purchase was made, the freight charges must be regarded as bound up in and forming an integral part of the purchase price. Unless that decision is to be overruled, we must reach a similar conclusion here.

Appellant contends that the decision in the *Straub* case is not *stare decisis* here because it is in conflict with that of the Supreme Court in *Robertson* v. *Bradbury*, 132 U. S. 491, which involved an interpretation of the tariff act of March 3, 1883. The statement of the Supreme Court primarily relied on by appellant reads:

In regard to the construction and effect of the consular invoice which expressed the value of the goods "free on board," it was perfectly proper and right to instruct the jury that if they were satisfied from the evidence that this form of valuation was understood to include charges of transportation from the place of production to the place of shipment, and other charges of shipment and transshipment, then the levy of duties on such valuation, since the passage of the Act of 1883, was contrary to law. * * *

While the language of the Tariff Act of 1930 differs from that of the Act of 1883, we are of the opinion, as was the Customs Court, that the 1930 Act does not contemplate that inland freight charges in the country in which the merchandise originates are ordinarily to be included in the export value. As was clearly indicated in the *Straub* decision, such charges are not to be included if the merchandise can be purchased in the principal market at a price which does not include the charges. In our opinion, the excerpt from the *Robertson* decision had reference to a situation of that character.

We do not interpret *Robertson* as requiring that a deduction must always be made for inland freight charges when merchandise is shipped from some point other than the principal market. Section 402 (d) of the 1930 Tariff Act provides that export value "shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported * * *." In the instant case, as in the *Straub* case, the merchandise was offered *only* at a price which included the inland freight charges. Under such circumstances, as was held in the *Straub* case, those charges are inseparable from the unit value and purchase price of each item of merchandise in the principal market at or prior to the time of shipment. They do not accrue subsequent to shipment and, therefore, cannot properly be regarded as costs of "transportation from the place of production to the place of shipment" within the meaning of the *Robertson* decision.

It is to be noted that *Robertson* was cited in appellee's brief and petition for rehearing before this court in the *Straub* case. Accordingly, although it is not expressly mentioned in that decision, it is to be presumed that it was considered and found not to be inconsistent with the conclusion reached by the court.

Appellant also relies on *United States* v. *Phillips Co.*, 7 Ct. Cust. Appls. 497, T. D. 37110, and *Kridel, Sons & Co.* v. *United States*, 8 Ct. Cust. Appls. 250, T. D. 37522, in which inland freight charges were excluded from dutiable value. It does not appear, however, that the merchandise involved in those cases could not have been purchased in the principal markets at a price which did not include the inland freight charges, and those cases, therefore, are not controlling here.

A further case relied on by appellant is *United States* v. *Bauer et al.*, 3 Ct. Cust. Appls. 343, T. D. 32627, which held that a bona fide buying commission was not part of the market value of the merchandise. However, so far as appears, it would have been possible to purchase the merchandise directly without paying the commission, and hence the commission was not an inseparable part of the price or market value, as the inland freight charges were in the *Straub* case and in the instant case.

Appellant's arguments have been carefully considered but are found to present nothing which would justify us in reaching a conclusion differing from that reached in the *Straub* decision. Accordingly, the judgment of the United States Customs Court is *affirmed*.