**No. 57306.**—Charles Neidert *v.* United States, protest 183338–K (Laredo).

EKWALL, Judge: Plaintiff imported from Mexico two carloads of cottonseed hulls upon which duty was assessed at an ad valorem rate under the appropriate paragraph of the Tariff Act of 1930. No claim is made against the rate of duty, plaintiff's claim being that the collector of customs in liquidation used an amount higher than the appraised value of the merchandise as to one carload, identified as GMO 52277 and covered by *pro forma* invoice No. 2, upon which to base the ad valorem duty.

An examination of the invoices and entry discloses that as to this lot the *pro forma* invoice was made out for 25.56 short tons at $25 per ton, f. o. b. Brownsville, which was carried out $460.08, less certain enumerated nondutiable charges of $76.49 (not disputed), leaving a net value of $383.59. This amount was carried into the entry as $384.

From the testimony of the importer, the plaintiff herein, it is apparent that the first carload included in the entry, consisting of 16.88 short tons, was purchased at an earlier date and at a higher price, viz, $25 per short ton. From this price, the importer deducted on the *pro forma* invoice an amount of $7 per ton to equal

the current market value of $18. The second carload, consisting of the 25.56 short tons, bought at $18 per ton, was to be entered at $18 per ton. However, an employee of the importer testified that in preparing the entry she made a mistake in copying the figures, and instead of using the $18 unit she used $25, although she intended to use the $18 unit value shown on the worksheet. Plaintiff claims this constitutes clerical error within the meaning of section 514 of the Tariff Act of 1930 (19 U. S. C. sec. 1514).

The collector used as the basis for his liquidation an amount obtained by multiplying the $25 a ton rate by the number of tons contained in the carload.

The essence of clerical error is intention. *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485, and *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401. Inasmuch as the clerk who prepared the entry stated, in explaining this alleged clerical error, that she intended to use the $18 figure, plaintiff has sustained his burden of proof as to intention.

The power of this court to order a reliquidation in a protest case, for clerical error in the entered value, is limited to cases where the final appraised value is the same or less than the entered value would be, if corrected. *Bernard* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *S. M. Levor & Co.* v. *United States*, 54 Treas. Dec. 693, Abstract 7361; *C. J. Tower* v. *United States*, 55 Treas. Dec. 1110, Abstract 8470; *J. J. McQuillan* v. *United States*, *supra*; and *Decorative Plant Co.* v. *United States*, 59 Treas. Dec. 1543, Abstract 15078. The official papers show that the merchandise covered by *pro forma* invoice No. 2 in dispute was appraised at $18 per ton, less nondutiable charges, as evidenced by the appraiser's red-ink notations thereon. Therefore, the final appraised value is the same as the entered value would be, if corrected.

Upon this record, we find and hold that a clerical error was committed in the entry of the merchandise before us; that it was discovered within 1 year after the date of entry; that demand was duly made upon the collector for reliquidation on account of said clerical error; that said demand was refused; and that against such refusal a valid protest was timely filed. Plaintiff's claim is, therefore, sustained.

Judgment will be rendered accordingly.