(C. D. 1568)

Samuel Shapiro & Company, Inc. *v.* United States

United States Customs Court, Third Division

(Decided December 17, 1953)

*Philip Stein* (*Marjorie M. Shostak* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Chauncey E. Wilowski*, special attorney), for the defendant.

Before Ekwall and Johnson, Judges

Ekwall, Judge: This case involves an importation of cotton tapestry material imported at the port of Baltimore, Md. When the merchandise was examined, there was evidence of pilferage and the Government examiner made a statement on customs Form 6423 indicating a shortage of 41 pieces. However, he failed to note such shortage on the invoice for the information of the appraiser and the collector of customs. Because of such failure, the entry was liquidated without allowance for the shortage. Plaintiff, upon discovery of the fact that no allowance had been made for the missing goods, applied to the Bureau of Customs and to the collector requesting that allowance be made. The collector, under instructions of the Commissioner of Customs, refused to grant the request, whereupon plaintiff filed timely protest against such refusal to reliquidate, claiming that the action of

the Government examiner in failing to make such report constituted clerical error under sections 514 and 520 of the Tariff Act of 1930. Said sections provide, among other things, for protest against the collector's "refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry," and also for refunds in cases of clerical error.

It is apparent from the record, which includes numerous official communications between plaintiff, the collector, and the Commissioner of Customs, that the Government does not dispute the fact that the 41 items were short shipped, but the Bureau of Customs takes the position that under said section 520 (c) (1), *supra*, as amended, the Secretary of the Treasury is authorized to correct errors "in the entry or liquidation," and that the inadvertent omission on the part of the customs examiner to note the shortage on the invoice did not constitute an error in either the entry or the liquidation.

Plaintiff at the hearing produced the testimony of the United States Appraiser at the port of Baltimore, who testified that no shortage was noted in the examiner's report on the invoice but that such report, known as report of verification of examination package, on customs Form 5555, which is part of the files of the examiner's office checked by said appraiser, reveals that a shortage was found by the verifier when the package here involved was opened and verified, which shortage formed the basis of the office memorandum signed by the appraiser on which appears a list of the items found to be short. Said office memorandum was offered and received in evidence as plaintiff's exhibit 1. The witness further testified that the failure to report the shortage was not intentional but occurred through inadvertence; that, in this case, he, the appraiser, did not intend to report a shortage because he is guided by the report of the examiner on the summary sheet; and that, in this case, because of said examiner's mistake, he was not aware of the shortage. When the matter was called to his attention, some months later, he realized that a mistake had been made.

We, therefore, are called upon to determine whether the examiner's failure to report the shortage, as the customs regulations required, constitutes clerical error as defined by the courts. The essence of clerical error is intention. *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485. It is axiomatic that public officials are presumed to perform their duties. Therefore, we must presume that the examiner intended to report this shortage. Section 15.8 (*b*) of the Customs Regulations of 1943, as amended, provides:

15.8    *    *    *    *    *    *

(b)When a deficiency in any package designated for examination is reported to the collector by the appraiser or other customs officer concerned with the examination contemplated by section 499, Tariff Act of 1930, as amended, allowance shall be made in accordance with the last sentence of the first paragraph of that section, unless it appears upon inquiry by the collector that the missing merchandise was actually received by the importer, * * *.

The failure of the examiner to make such a report resulted in a liquidation by the collector in which he arrived at a greater amount of duty than would have been found had the shortage been reported to him.

In the case of *S. Yamada* v. *United States*, 26 C. C. P. A. (Customs) 89, T. D. 49628, the court had before it a situation in which a customs house broker, in filing a duress entry, attached an old certificate in which an incorrect number of the test case was given, although he intended to file a new certificate given to him by the attorney for the importer. Due to carelessness, inadvertence, and mistake, his proper intention was improperly executed. The court held that such mistake constituted clerical error within the meaning of the statute. Although that case involved elements which may not be present in the instant case, we think the language of the court is pertinent here. We quote therefrom as follows:

* * * We think the purpose of the clerical error provision of section 514, *supra*, was to enable the collector to reliquidate and thus correct injustices which would result from clerical errors and we see no reason advanced by anyone, and we know of none that can be advanced. that would warrant the conclusion that Congress did not intend the importer to have relief from clerical error, such as that here under consideration, when it is clearly shown to be a clerical error, and where the good faith required by the statute is affirmatively shown and unquestioned as it is here.

*    *    *    *    *    *    *

* * * It is our view that clerical error is usually the result of carelessness. The term "clerical error" has been defined by the courts in some instances involving legislation similar to that involved here. An examination of those decisions discloses that nothing was therein held that suggests that the error committed in making and filing the duress entry certificate in the instant case does not in law amount to a clerical error.

Paraphrasing the language in the last paragraph above quoted, "an examination of those decisions discloses that nothing was therein held that suggests that the error committed" by the examiner herein in failing to report the shortage does not in law amount to a clerical error.

Upon the record, we find that the facts disclose clerical error from which this court under the statute may grant relief. Plaintiff's claim that allowance should have been made in liquidation of the entry for the shortage discovered but not reported by the examiner is, therefore, sustained.

In view of the conclusion reached, it is unnecessary to discuss the contention set forth in plaintiff's brief that allowance should have been made in liquidation of the entry for the reason that the 41 cases found short constituted a nonimportation, or whether the instant protest could be considered a timely protest against such nonimportation.

For the reasons above set forth, judgment will be rendered for the plaintiff.