(C. D. 1869)

Import Export Service of N. J. } *v.* United States
Thomas Manufacturing Company

United States Customs Court, Third Division

(Decided April 10, 1957)

*Sharretts, Paley & Carter (Jerome Fisch* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Dorothy C. Bennett,* trial attorney), for the defendant.

Before Johnson and Donlon, Judges; Donlon, J., concurring

Johnson, Judge: In this protest, it is claimed that there was a clerical error within the meaning of section 520 (c) (1) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953, in that duty was assessed on a value of £800 when, in fact, the merchandise was valued at £100; that the value of £800 stated in the consular invoice was due to an inadvertent clerical error of the shipper; and that the entry should be reliquidated on the ground of clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of the law, in the appraisement and liquidation.

The collector's memorandum states that the appraiser determined the value to be £800 and that he did not commit such an error, mistake of fact, or other inadvertence as would warrant correction under section 520 (c) (1), as amended.

This case has been submitted upon the official papers, including the supplemental consular invoice filed by the plaintiffs. From these papers, the following facts appear:

The merchandise consisted of two cases of impression moulds imported from England on or about April 11, 1954. The commercial invoice states that the merchandise has no commercial value, but that, for customs and insurance purposes, the value is to be taken as £500 for item 1 and £300 for item 2. The consular invoice gives the value as £800, plus £5 packing charges, and the shipper's declaration states that the moulds are on loan and are to be returned to the owner in the United Kingdom. The merchandise was entered on April 19, 1954, at a value of £805 and was appraised as entered on April 26, 1954. Liquidation took place on June 30, 1954. Subsequently, the plaintiffs filed with the collector another consular invoice, dated May 14, 1954, a letter from the shipper, and an affidavit signed by the president of the importing company. The latter document states, in part:

At the time of importation we supplied our brokers with Consular Invoice #29618 dated London—March 30, 1954, in the amount of £800-0-0.

We did not question this £800-0-0 value, as the shipment was not paid for by us: was "ON LOAN" for production purposes in our plant, to be returned to England.

On June 3rd the Airfix Products Ltd. notified us that an error had been made in the value. They had shown £800-0-0, whereas the correct value was only £100-0-0, inasmuch as the moulds were not new. They had been used in re-runs in their factory; were subsequently second-hand and as such the value could not exceed £100-0-0.

The letter from the foreign shipper states that there was no question of fixing a sales value for the moulds as they were secondhand, and the actual value could not exceed £100.

A memorandum of the appraiser at Newark states that, on the date of appraisement, there was no reason to believe that the consular invoice was incorrect and that the moulds appeared to have been used. The deputy appraiser at New York noted that there was no information before his office or in the files indicating a value other than £805. In view of this information, the collector's office was of opinion that no reliquidation could be ordered under section 520 (c) (1), as amended.

The pertinent provisions of the Tariff Act of 1930 are as follows:

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

* * * all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), * * * and his liquidation or reliquidation of any entry, * * * or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon

all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, * * * shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. * * *

SEC. 515. SAME.

* * * If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. * * *

SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT [as amended by the Customs Simplification Act of 1953].

* * * The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * *

SEC. 520. REFUNDS AND ERRORS [as amended by the Customs Simplification Act of 1953].

*　　　*　　　*　　　*　　　*　　　*　　　*

(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, appraisement, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the customs service within one year after the date of entry, appraisement, or transaction, or within sixty days after liquidation or exaction when the liquidation or exaction is made more than ten months after the date of the entry, appraisement, or transaction; * * *

*　　　*　　　*　　　*　　　*　　　*　　　*

Counsel for the Government has moved to dismiss the protest herein on the grounds that (1) section 520 (c) (1), as amended, gives a discretionary power to the Secretary of the Treasury, which is not subject to review by the courts, and (2) the court is without jurisdiction to find value in a protest proceeding. Plaintiffs claim that the facts herein fall squarely within section 520 (c) (1), as amended, and that they have a right to judicial review and relief.

In considering the jurisdictional questions raised by the Government's motion, we note that the protest herein was filed within the statutory time after liquidation; that it is claimed that there was a

*clerical error* in the consular invoice and in the assessment of duty on the merchandise on the basis of a value of £800; and that the collector should reliquidate because there was a clerical error, mistake of fact, or other inadvertence in the appraisement and liquidation. The collector stated in his memorandum that he had reached the conclusion that the appraiser did not commit such an error, mistake of fact, or other inadvertence as would warrant correction under section 520 (c) (1), *supra.* There is no evidence that this matter was ever considered by the Secretary of the Treasury or anyone in the Bureau of Customs. Under the regulations then in effect (section 16.13, Customs Regulations of 1954), the collector had authority to correct certain clerical errors, but he could not correct other errors, except on instructions from the Bureau.

Under sections 514 and 515 of the Tariff Act of 1930, the court clearly has jurisdiction where the collector has refused to reliquidate on the ground of clerical error. It also has authority to review any and every decision of the collector as to the rate and amount of duties chargeable, and his liquidation or reliquidation of any entry. *United States* v. *Swedish Produce Co.*, 4 Ct. Cust. Appls. 223, T. D. 33437; *United States* v. *Mandel Bros.*, 7 Ct. Cust. Appls. 476, T. D. 37051. Where a valid protest is filed against a liquidation, the court may order a reliquidation for the correction of any errors, legal or factual, made by the collector in the liquidation. The court may also order a reliquidation to correct a clerical error in the entry, where the entered value is higher than the appraised value and the collector, by reason of section 503 (a) of the Tariff Act of 1930 (prior to amendment by the Customs Simplification Act of 1953), was required to liquidate on the basis of the entered value. *J. E. Bernard & Co.* v. *United States*, 52 Treas. Dec. 504, T. D. 42525; *Lansen-Naeve Corp.* v. *United States*, 15 Cust. Ct. 329, T. D. 50703; *Charles Neidert* v. *United States*, 30 Cust. Ct. 445, Abstract 57306; *N. M. Albert Co., Inc.* v. *United States*, 34 Cust. Ct. 102, C. D. 1686. The court may direct a reliquidation where through clerical error an incorrect duress certificate was filed (*S. Yamada* v. *United States*, 26 C. C. P. A. (Customs) 89, T. D. 49628) or where the collector has refused to liquidate for other clerical errors discovered within the statutory time limit. *H. H. Elder & Co.* v. *United States*, 20 Cust. Ct. 61, C. D. 1084; *Esso Standard Oil Company* v. *United States*, 30 Cust. Ct. 111, C. D. 1506; *Samuel Shapiro & Company, Inc.* v. *United States*, 31 Cust. Ct. 189, C. D. 1568.

What the court may not do is to reappraise the merchandise in a classification proceeding or make a correction which involves an alteration of the appraised value. *J. E. Bernard & Co.* v. *United States*, *supra*; *S. H. Pomerance Co., Inc.* v. *United States*, 33 Cust. Ct. 439, Abstract 58530; *Wolff* v. *United States*, 1 Ct. Cust. Appls. 181, T. D.

31217; *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561; *T. S. Kennedy Co.* v. *United States*, 2 Cust. Ct. 404, C. D. 165. Under the statutory scheme, a valid decision of the appraiser becomes final and conclusive on all parties unless a written appeal for reappraisement is filed within the statutory time limit. Section 501, as amended, *supra*.

The reason for this rule was well stated in *Wolff* v. *United States*, *supra*, where the court said (p. 186):

> From mistakes and errors made by the appraiser and general appraiser in the exercise of their power and jurisdiction to appraise, the statute provides the remedy of appeal to a board of general appraisers, and when that body has passed upon the appeal the door is closed by the express terms of the statute upon further inquiry into the matter. Origet v. Hedden (155 U. S., 228). To permit of a review of a decision of the appraisers on the ground that it was erroneous, that it was mistaken, that it was incorrect, that it was induced by a wrong conception of the facts, that the appraisers had not used good judgment, that they ignored facts which they should have considered or gave weight to evidence which should have been excluded, would overturn the whole system so carefully and wisely elaborated by Congress for the determination of values and the prompt collection of customs duties. Inquiry into value and the methods of reaching it must end somewhere, and when Congress decided that it should end with an appeal to the Board of General Appraisers sitting as a reappraisement board, its wishes in that behalf should be respected, especially as a judicial revision could afford no higher guaranties of a flawless judgment, no better security for a decision free from error, than does that of the system which the legislature saw fit to establish. Evidence that appraising officers were careless, or even irregular, in the performance of their duties falls short of showing that they assumed powers not conferred on them by the statute, and their valuation can not be impeached by evidence of that character. Neither is it competent to inquire as to whether the appraisers followed or disregarded the evidence produced before them. Hilton v. Merritt (110 U. S:, 97, 107); Auffmordtt v. Hedden (137 U. S., 310, 325). Estimates of value require the consideration of many elements.

In the instant case, the error alleged is that the value stated in the original consular invoice was incorrect. As far as the record shows, this was not due to clerical error, as that term has been construed by the courts. It was not a mistake made by a clerk or other subordinate, upon whom devolved no duty to exercise judgment, in writing or copying the figures or in executing his intention. *United States* v. *Wyman & Co.*, 4 Ct. Cust. Appls. 264, T. D. 33485; *J. J. McQuillan* v. *United States*, 18 C. C. P. A. (Customs) 215, T. D. 44401. Nor was there any clerical error in the entry, appraisement, or liquidation. Each was precisely as the maker intended it to be.

There may have been a mistake of fact or other inadvertence in the original consular entry. But because an error was made in invoicing or entering the merchandise, it does not follow that there was a mistake in appraising it. *J. E. Bernard & Co.* v. *United States, supra*; *Irish Industries Depot* v. *United States*, 57 Treas. Dec. 1224, Abstract 11893.

A situation analogous to that before us was involved in *United*

*States* v. *National Steam Navigation Co., Ltd.*, 4 Ct. Cust. Appls. 491, T. D. 33915. There, a *pro forma* invoice had been prepared on the basis of a cable message giving the value of the merchandise as £390. Subsequently, it appeared that there had been an error in the transmission of the message and that the value given by the London office was £290, which value appeared in the consular invoice submitted later. The court said that, although a clerical error had occurred in the transmission of the cable message, which resulted in the statement in the *pro forma* invoice, the appraiser had actually appraised the merchandise at £390 and the liquidation was correct unless there were a manifest clerical error in the appraisement. It found that there was none, since the appraisement correctly expressed the meaning intended by the appraiser and was the result of his deliberate judgment exercised within his lawful jurisdiction, and held that the appraisement was conclusive, in the absence of an appeal for reappraisement.

In the instant case, there is no evidence that there was any mistake in the appraisement. It correctly expressed the meaning intended by the appraiser and was the result of his deliberate judgment. Had other evidence of value, such as the second consular invoice, been before him at the time of appraisement, he might, or might not, have found a different value for the merchandise. Any appraisement involves the appraiser's exercise of judgment as to the correct dutiable value of the merchandise, not only on the basis of the papers in the particular entry, but on the basis of any other information which he may have from other sources. Moreover, in making his appraisement, he has to bear in mind all of the elements of value set forth in section 402 of the tariff act.

The difficulty with plaintiffs' position is that the relief sought is not merely the correction of a clerical error or mistake of fact in the appraisement. The appraiser has not admitted that there was any such mistake. Therefore, to make any change therein would be to substitute someone else's judgment as to what the correct dutiable value of the merchandise was. The appraiser, himself, may not make a second appraisement of the merchandise (*Ringk & Co.* v. *United States*, 12 Ct. Cust. Appls. 40, T. D. 39980; *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712), nor may the court in classification proceedings find value. *Ludlow Manufacturing & Sales Co.* v. *United States*, 22 Cust. Ct. 17, C. D. 1150; *Heemsoth Kerner Corporation* v. *United States*, 31 Cust. Ct. 113, C. D. 1554, and cases cited.

Although section 520 (c) (1), as amended, permits the Secretary of the Treasury to authorize the collector to reliquidate an entry to correct a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, in an appraise-

ment, we do not think that section was intended to allow the Secretary, or the collector, or the court to reappraise the merchandise. Had Congress intended by the amendment to permit a new appraisement by the Secretary in addition to the remedy by way of appeal for reappraisement under section 501, it would have amended the opening sentence of section 520 (c) to read: "Notwithstanding a valid protest [or appeal for reappraisement] was not filed, the Secretary of the Treasury may authorize the collector to reliquidate, etc." Since the portion in brackets was not added, Congress left in full force and effect the rule that the exclusive remedy for obtaining a new appraisement is by appeal, filed pursuant to section 501 of the tariff act. This view is strengthened by the fact that the sentence in section 501 providing that the decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for reappraisement is filed, was amended by adding after the word "appraiser" the clause, "including all determinations entering into the same." It is evident, therefore, that Congress intended a valid appraisement to be final, unless an appeal for reappraisement were taken.

In the view we take of the case, it is not necessary to determine whether the Secretary's action or refusal to act under section 520 (c) (1) is subject to review by the courts. Some decisions under prior statutes have indicated that the Secretary's action in similar circumstances was subject to review and others have stated the contrary. See *Hampton, Jr., & Co.* v. *United States*, 5 Ct. Cust. Appls. 51, T. D. 34093; *Di Liagre & Co.* v. *United States*, 6 Ct. Cust. Appls. 470, T. D. 35989; *Vandiver* v. *United States*, 7 Ct. Cust. Appls. 338, T. D. 36900; *Richard Shipping Corp.* v. *United States*, 61 Treas. Dec. 106, T. D. 45394; *Hudson Fwdg. & Shipping Co.* v. *United States*, 63 Treas. Dec. 819, T. D. 46389; *C. S. Lings & Co.* v. *United States*, 38 Treas. Dec. 708, T. D. 38538; *Kurz & Co. (Inc.) et al.* v. *United States*, 13 Ct. Cust. Appls. 527, T. D. 41395.

In the instant case, in view of section 501 of the Tariff Act of 1930, as amended, neither the Secretary nor the collector nor the court had any authority to grant the relief requested, since to do so would involve more than a correction of a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, and would result in a new appraisement of the merchandise. Inquiry as to value must end somewhere and Congress, in its wisdom, has provided that a valid appraisement is final and conclusive on all parties, unless a timely appeal for reappraisement is filed.

The motion to dismiss is, therefore, granted on the ground that the appraisement herein was final and conclusive on all parties and that the court may not consider questions of value in classification proceedings. Judgment will be rendered accordingly.

Donlon, Judge: I concur in the result. I do not pass upon the issue of jurisdiction, because, in my opinion, it is not necessary to do so. The protest should be overruled on other grounds, irrespective of jurisdiction under section 520 (c) (1), as amended.

Plaintiffs pleaded clerical error in their protest. This they did not prove. Indeed, plaintiffs appear to have abandoned their protest claim of clerical error and to rely, without protest amendment, on an assertion that the "valuing" of this merchandise for customs purposes "was a mistake of fact or other inadvertence." (Plaintiffs' brief, p. 3.) Even if plaintiffs had pleaded some erroneous or inadvertent action on the part of the appraiser, and this they did not do, their proofs would not suffice to support such a plea.

So much for the facts. As to the law, plaintiffs' brief is largely argumentative, urging their special interpretation of the record. Plaintiffs repeatedly requested, and were granted, successive extensions of time that resulted in the extraordinary allowance of 210 days within which to file their brief in this action. Besides the statute, the brief cites only one decision as authority for the arguments advanced. That decision, in my opinion, is not controlling on the record that is before us.