AT & T INTERNATIONAL, Plaintiff,

v.

UNITED STATES, Defendant.

Court No. 90–06–00276.
Slip Op. No. 94–124.

United States Court of International Trade.

July 29, 1994.

Grunfeld, Desiderio, Lebowitz & Silverman, Robert B. Silverman and Judith A. Schechter, New York City, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., John J. Mahon, Asst. Branch Director, Intern. Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice, Civ. Div., Bruce N. Stratvert; Office of Asst. Chief Counsel, U.S. Customs Service, Arlene Klotzko, Washington, DC, of counsel, for defendant.

## OPINION

AQUILINO, Judge:

This action is another test of the balance of responsibilities between importers and the U.S. Customs Service when their merchandise traverses the border of this country. Joining the flood of foreign imports in this instance were some 57 cartons of telephone parts and equipment claimed to have been made in America but also to be "defective" and thus returned from Egypt.

### I

Issue having been joined, the plaintiff has interposed a motion for summary judgment pursuant to CIT Rule 56. Defendant's papers in opposition have been erroneously labelled a motion to dismiss the complaint pursuant to Rule 12(b)(5) on the ground that the plaintiff has failed to state a claim upon which relief can be granted.[1] In any event, there is little dispute over the material facts. Of the 16 numbered averments in the complaint, defendant's answer admits eleven, claims lack of sufficient information as to three, and only denies the following two allegations of a cause of action:

14. Plaintiff's failure to provide Customs with a manufacturer's affidavit and CF–3311 was the result of a clerical error or inadvertence which is correctable by a Section 520(c)(1) request to reliquidate. Accordingly, its claim is cognizable under that section.

\* \* \* \* \* \*

16. The subject merchandise in Entry No. 85–238940–3 is entitled to duty-free [treatment] under item 800.00, TSUS as American goods returned.

Moreover, Defendant's Response to Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue to be Tried admits eleven of plaintiff's 15 representations, including:

2. Plaintiff timely protested the denial of its request to reliquidate Entry No. 85–238940–3, and all duties owed or assessed against the subject merchandise have been paid.

\* \* \* \* \* \*

4. The merchandise involved in this action consists of telephonic equipment which was entered into the United States in Entry No. 85–238940–3 on January 8, 1985.

5. Plaintiff's customs broker prepared the entry which stated that the merchandise in issue was classifiable under Item 800.0035, TSUS, as American goods returned, free of duty.

6. On August 5, 1985, Customs issued a CF 29 (Notice of Action) which proposed a rate advance unless ... documents were submitted to Customs. The CF 29 was not addressed to any particular person at AT & T; it was merely addressed to AT & T International at P.O. Box 7000, Basking Ridge, N.J. 07920.

\* \* \* \* \* \*

11. On November 15, 1985, Customs liquidated the subject entry and assessed duties based on classification of the subject merchandise in Item 684.59, TSUS, under

---

1. Under the rules of practice, such a motion can only be made before answering a complaint. Once an answer has been interposed, which is the case here, a motion seeking dismissal is properly one for judgment on the pleadings or summary judgment pursuant to CIT Rule 12(c) or Rule 56.

which the merchandise was dutiable at the rate of 8.5% *ad valorem*.

12. On November 14, 1986, plaintiff timely filed a Section 520(c)(1) Request to Reliquidate the subject entry to correct a clerical error, mistake of fact, or inadvertence. Copies of the Manufacturer's Affidavit and CF 3311 were provided in support of plaintiff's request to reliquidate.

13. Customs denied the request to reliquidate the subject entry.

14. AT & T International timely protested the denial of its request to reliquidate the subject merchandise.

15. On December 22, 1989, Customs denied plaintiff's protest. The basis of this denial was Customs' determination that "the subject of your claim is not within the scope of Section 520(c)(1)."

In sum, the court concludes that there are no material facts requiring trial as between the plaintiff and defendant; the dispositive issues to be resolved are legal in nature, and summary judgment is therefore appropriate.

Jurisdiction is based on 28 U.S.C. § 1581(a).

## II

As the foregoing indicates, the plaintiff attempts to rely on 19 U.S.C. § 1520(c)(1), which provided at the time of entry:

Reliquidation of entry

Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction[.]

Regulations of the Secretary, in particular, 19 C.F.R. § 173.4 (1985), incorporate the substance of this statute. It has been held, however, that these provisions are "not remedial for *every* conceivable form of mistake or inadvertence adverse to an importer, but rather ... offer[ ] 'limited relief in the situations defined therein' ". *Godchaux–Henderson Sugar Co. v. United States*, 85 Cust.Ct. 68, 74, C.D. 4874, 496 F.Supp. 1326, 1331 (1980) (emphasis in original), quoting *Phillips Petroleum Co. v. United States*, 54 CCPA 7, 11, C.A.D. 893, 1966 WL 8831 (1966).

Nonetheless, the plaintiff views its situation as within the purview of these provisions. Attached to its formal request to Customs for reliquidation pursuant to section 1520(c) were a Form 3311 and Manufacturer's Declaration executed on behalf of AT & T to the effect that the goods covered by the entry at issue had indeed been manufactured in the United States. Given that this request for reliquidation was forthcoming within one year after liquidation (albeit on the very last day thereof), the plaintiff argues that its action reflects

exactly the type of non-legal administrative mixup that Section 520 was intended to remedy. Our case presents the following constellation of acts and omissions which are correctable under Section 520:

1) Port Brokers, Inc.'s *inadvertent* failure to file the required documents with Customs before liquidation in accordance with AT & T's instructions;

2) AT & T's *mistake of fact* in assuming that Port Brokers had filed these documents in a timely manner in accordance with its instructions; and

3) Customs' *clerical errors* in sending the entry's "courtesy" liquidation notice and duty bill to the wrong corporate entity at the wrong address.

Each of these errors is individually cognizable as a correctable claim under Section 520. Taken together, they present precisely the sort of situation that this statute was enacted to remedy.[2]

---

**2.** Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss, p. 3 (emphasis in original).

The court cannot concur that this "constellation of acts and omissions" was the underlying cause of the challenged classification. *Cf. Boast, Inc. v. United States,* 17 CIT ——, ——, Slip Op. 93–20, at 6, 1993 WL 45902 (Feb. 10, 1993), citing *Concentric Pumps, Ltd. v. United States,* 10 CIT 505, 509, 643 F.Supp. 623, 625 (1986). That is, the classification was not the result of any "administrative mixup" by Customs. The merchandise had entered duty-free under continuous entry bond without a Form 3311 and manufacturer's declaration. When simple form notices were sent thereafter to AT & T and its broker, requesting that simple, confirmatory documentation, presumably they were inspired by a desire on the part of the Service to avoid any such "mixup" before liquidation. After months had passed without any response to those notices, Customs issued a Notice of Action on Form 29 to AT & T International, setting forth a *"proposed"* [3] rate advance in the absence of the requested information. Then when months passed without any response to that proposal, the Service liquidated the entry as fairly forewarned.

## A

To this day, AT & T's chosen agent, Port Brokers, Inc., has neither provided Customs with the information requested nor stepped forward during discovery or the preparation of plaintiff's motion in this action with an explanation. The only explanation attempted at bar is by the plaintiff, primarily via paragraphs 7–10 of its statement of material facts pursuant to CIT Rule 56(i), as supplemented by an affidavit of one John J. Leber, affirming that his job responsibilities with AT & T included preparing documents of the kind requested by the Service and that Port Brokers served as the customs broker in this matter. He further states:

7. Mr. Lofaro of Port Brokers, Inc. called my co-worker Bertha Shaw some time before September 26, 1985 regarding the entry in question.... Ms. Shaw's responsibilities covered exports to the Middle East and Europe. Mr. Lofaro apparently told Ms. Shaw that Customs was requesting that AT & T supply a CF 3311 and manufacturer's affidavit with respect to Entry No. 85–238940–3, and that AT & T would be billed $72,000 in duties if AT & T did not comply with this request. Mr. Lofaro apparently asked Ms. Shaw to present him with the required documents.

8. ... Ms. Shaw sent me a note regarding their conversation ... [and] turned the matter over to me because I was in charge of imports.

9. On September 26, 1985, I called Mr. Lofaro regarding the entry. I do not recall reaching him on this date. I called him again on September 30, 1985, at which time I asked him to send me the information and documentation necessary to complete the requested documents.... I told him that ... I would complete the necessary forms and return them to him so that he could file them with Customs. He said ... that when we sent him the manufacturer[']s affidavit and the CF 3311 ... he would file these forms with Customs.

10. A few days later I received ... the materials I had requested from Mr. Lofaro. I then prepared the manufacturer's affidavit and CF 3311 for the review of my supervisors.

11. On October 7, 1985, I received for the first time a copy of a CF 29 (Notice of Action) from U.S. Customs ... dated August 5, 1985 ... [which] gave notice of a proposed rate advance for the returned telephone equipment. The notice cited a failure to submit a CF 3311 and a manufacturer's affidavit.

12. On October 10, 1985, I gave the manufacturer's affidavit and CF 3311 to Mr. Ron Mansfield, who was my project manager at the time ... [and who] signed off on these documents on October 15, 1985. Mr. Ron Hebrank, my department chief, signed off on these documents after Mr. Mansfield had reviewed them.

13. On October 25, 1985, pursuant to my September 30, 1985 conversation with

---

3. Exhibit B to Memorandum in Support of Defendant's Motion to Dismiss (emphasis in original).

Mr. Lofaro, I sent the CF 3311 and manufacturer's affidavit to Port Brokers, Inc. via Federal Express's overnight delivery service....

14. It was my understanding that Port Brokers, Inc. would merely collate and file these documents with Customs as required.

If this is all the plaintiff is able to muster to explain the failure of its broker to file, the court cannot conclude that that failure was "inadvertent", as claimed. Nor can the court conclude that it was a mere "mistake of fact", as also claimed *supra*, for AT & T to assume that Port Brokers had filed the requested documentation in a timely fashion. While inadvertence or mistake of fact according to section 1520(c)[4] may relieve an importer from the consequences of liquidation[5], just as Customs may be relieved, the plaintiff has not borne its burden of persuasion on either statutory ground. That is, neither is manifest from the record or established by documentary evidence.

As for the third standard in the statute, the plaintiff attributes receipt of a courtesy notice of liquidation at an AT & T address in Virginia as opposed to the New Jersey address of the company given on the entry to "clerical error"[6] on the part of the Service. That could be, but 19 C.F.R. § 159.9(d) (1985), which provided for "courtesy" notice, also stated that it "shall serve as an informal, courtesy notice and not as a direct, formal, and decisive notice of liquidation." Indeed, subsection (c) of 159.9 provided that the timely posting of the bulletin notice of liquidation in a conspicuous place in the customhouse at the port of entry "shall be deemed the legal evidence of liquidation." *See* 19 C.F.R. § 159.9 (1985) *passim; SRR v. Robles*, 18 CIT ——, ——, 853 F.Supp. 451 (1994).

### B

The nature of this action then is analogous to that of *Cavazos v. United States*, 9 CIT 628, 1985 WL 25792 (1985), and *Occidental Oil & Gas Co. v. United States*, 13 CIT 244, 1989 WL 30441 (1989), wherein the plaintiff importers had sought Service reliquidation of merchandise alleged to be American goods returned but which status had not been timely supported by documentation of the kind also called for herein. In *Occidental,* for example, Customs had denied reliquidation on the stated ground that "the failure to file required documents whose absence had been repeatedly called to client's attention constitutes negligent inaction, not correctable under the cited statute." 13 CIT at 245. In affirming that determination, the court reiterated that, "since the plaintiff did not supply the proper documentation, 'the appropriate customs officer made a legal determination as to the classification of the merchandise on the basis of the facts presented.'". 13 CIT at 248, quoting *Cavazos*, 9 CIT at 631, wherein the court further pointed out:

> *supra. But compare* 83 Cong.Rec. 4,562 (1938), characterizing the Customs Administrative Act of 1938, including precursor section (18) to 1520, as primarily intended to "facilitate efficient administration of the customs laws. It cannot be termed an importers' bill nor can it be characterized as a domestic manufacturer's bill."

4. Inadvertence has been defined as "an oversight or involuntary accident, or the result of inattention or carelessness". *Hambro Automotive Corp. v. United States,* 603 F.2d 850, 854 (CCPA 1979); *B.S. Livingston & Co. v. United States,* 13 CIT 889, 892 (1989). In *Fabrene, Inc. v. United States,* 17 CIT ——, ——, Slip Op. 93–164, at 6, 1993 WL 328032 (Aug. 16, 1993), the court pointed out that
> "mistake of fact" has been defined as "a mistake which takes place when some fact which indeed exists is unknown, or a fact which is thought to exist, in reality does not exist." *C.J. Tower & Sons of Buffalo, Inc. v. United States,* 68 Cust.Ct. 17, 22, C.D. 4327, 336 F.Supp. 1395, 1399 (1972) (finding mistake of fact where neither importer nor Customs officer were aware merchandise was entitled to duty-free entry), *aff'd,* 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974).

5. *See, e.g., C.J. Tower & Sons of Buffalo, Inc. v. United States,* cited and described in note 4,

6. This has been defined as a "mistake made by a clerk or other subordinate, upon whom devolves no duty to exercise judgment, in writing or copying the figures or in exercising his intention." *PPG Industries, Inc. v. United States,* 7 CIT 118, 124, 1984 WL 3749 (1984), citing *S. Yamada v. United States,* 26 CCPA 89, 1938 WL 4052 (1938); *Geo. Wm. Rueff, Inc. v. United States,* 41 Cust.Ct. 399, Abs. No. 62433, 1958 WL 9135 (1958); *Import Export Services of N.J. v. United States,* 38 Cust.Ct. 235, C.D. 1869, 1957 WL 8856 (1957).

... [P]laintiff has sought to utilize section 520(c) to challenge the classification. [T]his is an obvious attempt to use a section 520(c) procedure as a substitute for a challenge to the classification of the merchandise pursuant to section 514(a)(2). On the facts presented, it is clear that plaintiff's allegation of a mistake of fact is, in reality, a challenge to the legal conclusion of the Customs Service.

*See also* 13 CIT at 248–49.

That section 1520(c) does not supplant section 1514(a)(2) has recently been reaffirmed by the Court of Appeals for the Federal Circuit in *ITT Corporation v. United States,* 24 F.3d 1384, 1387 n. 4 (Fed.Cir.1994):

Section 1520(c)(1) does not afford a second bite at the apple to importers who fail to challenge Customs' decision within the 90–day period set forth in § 1514. ... We emphasize that under no circumstances may the provisions of § 1520(c)(1) be employed to excuse the failure to satisfy the requirements of § 1514.

This is obvious from the plain language Congress adopted, which provides that the appropriate customs officer "may" [7] reliquidate to correct a clerical error, etc. Had the intent been otherwise, presumably Congress would have enacted language making reliquidation mandatory.

Be that as it may, there is no such actionable clerical error, mistake of fact, or inadvertence presented here. Hence, it is appropriate to repeat from the opinion in *Godchaux–Henderson, supra,* that section 1520(c)(1) affords but "limited relief in the situations defined therein." *Phillips Petroleum Co. v. United States,* 54 CCPA 7, 11, C.A.D. 893, 1966 WL 8831 (1966).

### III

In view of the foregoing, plaintiff's motion for summary judgment must be denied, and this action must be dismissed. Judgment will enter accordingly.

7. *See also* 19 C.F.R. § 10.1(d) (1985) (the district director "may waive" production of Customs Form 3311 and a manufacturer's declaration); 19 C.F.R. § 10.112 (1985) ("such document,

*JUDGMENT*

This action having been duly submitted for decision; and the court, after due deliberation, having rendered a decision herein; Now, therefore, in conformity with said decision, it is

ORDERED, ADJUDGED and DECREED that plaintiff's motion for summary judgment be, and it hereby is, denied; and it is further

ORDERED, ADJUDGED and DECREED that this action be, and it hereby is, dismissed.

form, or statement may be filed at any time prior to liquidation of the entry or, if the entry was liquidated, before the liquidation becomes final").